# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MENA E. POTTS, Executor of the Estate of Josephine Bernabei, | ) ) ) | CASE NO. 4:11CV1470 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| ZURICH, N.A., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) ) ) | |

Before the Court are four motions, fully at issue:

(1) **Motion to Remand** (Doc. No. 9) filed by plaintiff; opposition briefs filed by defendants (Doc. Nos. 13 and 15); and plaintiff's reply (Doc. No. 16);

(2) **Motion to Strike the Amended Complaint** (Doc. No. 15, Part 2) filed by defendants Zurich Small Business, Farmers (Insurance) Group, Maryland Casualty Company, Scott Danko, and Mark Helle; plaintiff's opposition (Doc. No. 24);[1] and defendants' reply (Doc. No. 22);

(3) **Motion to Dismiss** (Doc. No. 10) filed by defendants Scott Danko and Mark Helle; plaintiff's opposition (Doc. No. 19); and defendants' reply (Doc. No. 21); and

(4) **Motion to Quash Service and Dismiss** (Doc. No. 18) filed by defendants Farmers (Insurance) Group and Zurich Small Business; plaintiff's opposition (Doc. No. 23); and defendants' reply (Doc. No. 25).

---

[1] This document is confusing. It is styled as both a "sur-reply" to the motion to remand and a "memorandum in opposition" to the motion to strike. Since plaintiff's reply was the last document filed with respect to the motion to remand, a sur-reply by the *plaintiff* is inappropriate. The memorandum in opposition to the motion to strike was due on September 22, 2011. This document was not filed until October 5, 2011. In any event, the Court has given consideration to the arguments in Doc. No. 24.

For the reasons discussed below, plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**; the Motion to Dismiss of defendants Scott Danko and Mark Helle (Doc. No. 10) is **GRANTED**; defendants' Motion to Strike the Amended Complaint (Doc. No. 15, Part 2) is **GRANTED;** and the Motion to Quash and Dismiss of Zurich Small Business and Farmers (Insurance) Group (Doc. No. 18) is **GRANTED**.

## I. BACKGROUND

On June 9, 2011, plaintiff Mena Potts ("plaintiff"), as executor of the Estate of Josephine Bernabei, filed a civil action for damages in the Mahoning County Court of Common Pleas against defendants Zurich North America ("Zurich NA"), Zurich Small Business ("ZSB"), Farmers Insurance Group ("Farmers"), Maryland Casualty Company ("MCC"), Scott Danko ("Danko"), and Mark Helle ("Helle").

On July 18, 2011, all defendants filed a Notice of Removal alleging diversity jurisdiction in that the controversy is between citizens of different states and involves an amount in controversy in excess of $75,000. The notice of removal asserted that: (1) plaintiff is an Ohio citizen and resident; (2) defendants Zurich NA, ZSB, and Farmers are simply trade names that are not legal entities and, therefore, are not citizens of any state;[2] (3) defendant MCC is a Maryland corporation with its principal place of business in Illinois; and (4) defendants Danko (an Ohio citizen) and Helle are individuals who acted solely as agents of the other defendants and, as such, are merely nominal and unnecessary parties whose citizenship is not properly considered. (Doc. No. 1, ¶¶ 1-4.)

---

[2] The Court notes, however, that Zurich NA has not moved to be dismissed although ZSB and Farmers have so moved.

On July 22, 2011, defendants' motion for an extension of time to move or otherwise plead was granted and August 22, 2011 was set as the deadline. Defendant Zurich NA filed its answer on August 10, 2011.

Before any other answers or responsive pleadings were filed, on August 11, 2011, plaintiff filed an Amended Complaint, attempting to destroy diversity jurisdiction by praying for damages "in an amount of Seventy-four Thousand Nine Hundred Dollars ($74,900.00) plus interest and cost." (Doc. No. 8, Prayer for Relief.) On that same day, the Motion to Remand was filed. (Doc. No. 9.) The defendants filed Answers to the Amended Complaint. (Doc. Nos. 12 and 14.) On August 15, 2011, defendants Danko and Helle filed a Motion to Dismiss. (Doc. No. 10.) Defendants also filed a Motion to Strike the Amended Complaint. (Doc. No. 15, Part 2.) Defendants ZSB and Farmers filed a Motion to Quash Service and to Dismiss. (Doc. No. 18.)

## II. DISCUSSION

### A.     Motion to Remand (Doc. No. 9); Motion to Dismiss of Danko and Helle (Doc. No. 10); Motion to Strike Amended Complaint (Doc. No. 15, Part 2)

Resolution of the motion to remand, Danko and Helle's motion to dismiss, and the motion to strike the amended complaint involves the interplay among 28 U.S.C. § 1441(a), Fed. R. Civ. P. 15(a) and 28 U.S.C. § 1447(e). Therefore, the Court's discussion below will, of necessity, be somewhat intertwined.

A civil action is removable to federal court from state court if the federal court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [...] citizens of different states." 28 U.S.C. § 1332(a)(1).

3

This action was removed by all the defendants, pursuant to 28 U.S.C. § 1441(a), on the basis of diversity of citizenship, notwithstanding the fact that Danko is a citizen of Ohio. The notice of removal states that both Danko and Helle "are merely nominal and unnecessary parties, whose citizenship is not properly considered in determining defendants' right of removal based on diversity of citizenship." (Doc. No. 1 at 1-2.) Notably, although the state court complaint named Danko and Helle as defendants, it put forth absolutely no theory under which either one of them might be liable to plaintiff. Diversity must be complete between all plaintiffs and all defendants, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), but if a "non-diverse" party "is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994) (citing *Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924)).

In his motion to remand, plaintiff makes absolutely no argument relating to the citizenship of any defendant, nor does he challenge defendants' characterization of Danko and Halle as "nominal" parties in the original complaint. His entire argument in support of remand is based on the amended complaint's failure to meet the required jurisdictional amount.

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Having examined the original complaint, the Court concludes that removal of this action was proper, notwithstanding the presence of at least one non-diverse defendant, because both Danko and Helle are nominal and unnecessary parties, and because the original

complaint met the requisite amount in controversy. Therefore, the motion to remand (Doc. No. 9) is **DENIED**.[3]

Having found removal of the original complaint to be proper, the Court now turns to the motion to dismiss file by defendants Danko and Helle. They argue that there are no claims against them in their individual capacity in the original complaint. In fact, the original complaint specifically refers to them only as "agents and servants" and attributes *respondeat superior* liability to the corporate defendants.  (*See, e.g.*, Doc. No. 1-1, ¶¶ 6, 7, 113.) The Court will grant the motion of defendants Danko and Helle for dismissal in their individual capacities. Although they are mentioned as part of the factual scenario alleged in the original complaint, they are not implicated, in their individual capacities, in any of the stated causes of action and, as already noted, are merely nominal defendants. The fact that they may both be necessary *witnesses* in this case is not justification for including them as defendants. Therefore, the Motion to Dismiss filed by Danko and Helle (Doc. No. 10) is **GRANTED**.

Concluding that removal was proper, but that defendants Danko and Helle must be dismissed, the Court turns next to defendants' motion to strike the amended complaint. On August 11, 2011, plaintiff filed an amended complaint (Doc. No. 8), under the authority of Fed. R. Civ. P. 15(a)(1), which provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within: [...] (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading [...]." Zurich NA filed its answer (i.e., a responsive pleading) on August 10, 2011. Therefore, plaintiff asserts in Doc. No. 24, that he was

---

[3]  In addition, although defendants have not raised an argument of "fraudulent joinder," that judicially-created doctrine is applicable here. "The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non[-]diverse defendants, assume jurisdiction over a case, dismiss the non[-]diverse defendants, and thereby retain jurisdiction." *Id.*

entitled to file an amended complaint within 21 days of the filing of the answer. The Court concludes that, indeed, plaintiff's amended complaint was timely filed under Rule 15(a).

However, since the amended complaint was filed post-removal and sought to defeat diversity, 28 U.S.C. § 1447(e) governs whether the amended complaint will be permitted, notwithstanding the fact that plaintiff was amending once as a matter of course under Rule 15(a). *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) ("a district court has the authority to reject a pos-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court [under Rule 15(a)]"). Under these circumstances, section 1447(e) provides a district court with two options: "the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

Plaintiff's amended complaint sought to defeat diversity jurisdiction in two ways. First, it attempted to reduce plaintiff's prayer for damages to "Seventy-four Thousand Nine Hundred Dollars ($74,900.00)." The original complaint, in conformity with the Ohio rules of pleading, sought damages "in excess of Twenty-five Thousand Dollars ($25,000.00)[.]" Plaintiff, however, does not attempt to argue that defendants improperly removed the case due to failure to meet the jurisdictional amount. Plaintiff argues only that, under the amended complaint, the amount is not met. Defendants correctly point out that, once a case is properly removed, a plaintiff cannot amend the complaint to defeat diversity jurisdiction by lowering the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction").

The second way plaintiff sought to defeat diversity jurisdiction is by specifically adding to the defamation claim in Count II allegations against defendant Danko, and to the fraud

6

claim in Count V allegations against both defendants Danko and Helle. As noted above, although naming both Danko and Helle as defendants, the original complaint did not incorporate them into any of the claims, including Counts II and V. Since the Court has now dismissed Danko and Helle from the original complaint because there were no allegations against them and they were merely nominal parties, the Court must now determine whether to grant or deny their joinder (actually, their *re*joinder) under § 1447(e).

In exercising its discretion with respect to this decision, the Court considers several relevant factors: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*, 198 F.3d at 462 (internal quotation marks and citation omitted); *see also Kunkel v. CUNA Mut. Ins. Soc'y*, No. 2:11-CV-492, 2011 WL 4948205, at *2 (S.D. Ohio Oct. 18, 2011).

Looking at these factors, the Court concludes that plaintiff was clearly trying to destroy federal jurisdiction by including Danko, who is an Ohio citizen. This factor weighs against permitting the amendment.

The Court also concludes for two reasons that neither Danko nor Helle are necessary to a resolution of the claims, other than as witnesses. First, plaintiff's amended complaint seeks to add defendant Danko to Count II, a defamation claim, by asserting that "**Defendant Danko defamed Plaintiff and** under the doctrine of *respondeat superior*, Defendants Zurich NA, [ZSB], [Farmers], [MCC] **and Scott Danko** repeatedly, maliciously, recklessly and outrageously slandered the Plaintiff pe se when their agent and servant of record, Defendant Danko, viciously and stridently called the Plaintiff 'an insurance fraud,' shouting out

7

in the presence of the Plaintiff's contractor[.]" (Doc. No. 8, ¶ 113, bold text added to show additions as compared to original complaint.) Clearly, plaintiff's original complaint intended to make a claim for defamation on the basis of *respondeat superior* alone, without attempting to hold Danko personally liable. An employer or principal can be liable for the tortious conduct of its employee/agent which faciliates its business. *See,e.g.*, *Brittingham v. Gen. Motors Corp.*, No. 24517, 2011 WL 6352294, at *9 (Ohio App. Dec. 16, 2011). Danko's alleged accusation that plaintiff was an "insurance fraud" would be interpreted as Danko acting to protect his employer/principal, the insurance provider, from such fraud. Given plaintiff's clear original intent to pursue only the corporate defendants for defamation, the Court does not see how adding a non-diverse defendant to this single count would advance plaintiff's position in any way, other than if his goal was to defeat jurisdiction.

Second, although plaintiff tried to claim in the amended complaint that Danko and Helle are personally liable for fraud (Count V), the general rule is that a principal is liable for frauds of his agent when committed within the scope of employment. *Davis v. Montgomery*, 173 Ohio App. 3d 740, 751 (Ohio App. 2007). Even paragraph 127 of the amended complaint, where the allegations against Danko and Helle have been added, makes clear that the alleged fraud was that "Defendants **Danko, Helle, and** [Farmers] individually, separately and volitionally colluded with Defendant Zurich NA and Defendant [ZSB] and perpetrated fraud and deception upon the Plaintiff by falsely and deceptively purporting to have contractual authority as the Plaintiff's insurer to negotiate the settlement of the Plaintiff's December 9, 2009 loss when the Plaintiff had given no contractual authority to do so." (Doc. No. 8, ¶ 127, bold text added to show additions as compare to original complaint.) Danko and Helle were in no way "plaintiff's insurer." They were merely agents.

8

Therefore, the Court concludes that not allowing an amendment which would include Danko and Helle will not prejudice plaintiff in any way with respect to Counts II and V and this factor also weighs against permitting the amendment.

Finally, although plaintiff has not been dilatory because he timely filed his amended complaint under Rule 15(a), this factor alone does not outweigh the other factors.

Having weighed the factors to determine how to exercise its discretion under § 1447(e), the Court concludes that the amended complaint should not be permitted and, therefore, defendants' motion to strike the amended complaint is **GRANTED**.

In summary, Doc. No. 9 is **DENIED**; Doc. No. 10 is **GRANTED**; and Doc. No. 15, Part 2 is **GRANTED**.

**B.      Motion to Quash Service and Dismiss (Doc. No. 18)**

Fed. R. Civ. P. 4(h) provides that a "corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served with process as further outlined in the rule.

Zurich Small Business is a federally registered service mark. (Burgos Aff. ¶ 5.) Farmers Insurance Group is also a federally registered service mark utilized on occasion by certain insurance entities. (*Id.*, ¶ 8.) Neither one is a separate legal entity capable of being sued. (*Id.*, at ¶¶ 4, 7.) Since service was made upon two entities not "subject to suit," that service must be quashed.

"'Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties'." *Custer v. Nat'l City Corp.*, No. 1:09 CV 2227, 2010 WL 319741, at *2 (N.D. Ohio Jan. 20, 2010) (quoting *O.J. Distrib., Inc. v. Hornell Brewing*, 340 F.3d 345 (6th Cir. 2003)). "[A]ctual knowledge of a lawsuit cannot cure 'technically defective

service of process.' " *Id.* (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). Further, it is plaintiff's burden to show that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

In light of the above, ZSB and Farmers are entitled to dismissal. Therefore, their Motion to Quash Service and to Dismiss (Doc. No. 18) is **GRANTED**.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**. The Motion to Dismiss filed by defendants Danko and Helle (Doc. No. 10) is **GRANTED**. The Motion to Strike the Amended Complaint (Doc. No. 15, Part 2) is **GRANTED**. The Motion to Quash Service and to Dismiss (Doc. No. 18) filed by ZSB and Farmers is **GRANTED**.

In light of this ruling, the case will proceed based on the original complaint against defendants Zurich NA and MCC. The Court will, by separate Order, refer the case to Magistrate Judge George Limbert for pretrial supervision, including conducting the Case Management Conference as soon as possible and preparing a Report and Recommendation on any additional dispositive motions.

**IT IS SO ORDERED**.

Dated: March 20, 2012

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**